FILED
SUPERIOR COURT
OF GUAM

2018 MAY -8 AM 10: 34

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**ROBERT JOHN MIRANDA,**<br>*aka* **Robert Juan Miranda**<br>DOB: 03/16/1979<br><br>**DEFENDANT.** | **CRIMINAL CASE NO.: CF0693-16**<br><br>**DECISION AND ORDER**<br>(People's Motion to Quash Subpoena) |
| PEOPLE OF GUAM,<br><br>vs.<br><br>**SALVADOR BUDDY SANTOS,**<br>DOB: 07/19/1963<br><br>**DEFENDANT.** | **CRIMINAL CASE NO.: CF0202-17**<br><br>**DECISION AND ORDER**<br>(People's Motion to Quash Subpoena) |

### INTRODUCTION

These matters came before the Honorable Anita A. Sukola on March 6, 2018, upon the People's Motions to Quash Subpoenas *Duces Tecum* filed in CF0693-16 and CF0202-17. Both Defendant Robert John Miranda ("Defendant Miranda") and Defendant Salvador Buddy Santos ("Defendant Santos") were represented by Assistant Public Defender Clyde Lemons Jr., and

**ORIGINAL**

Assistant Attorney General Marianne Woloschuk appeared on behalf of the People of Guam ("People"). Because these instant matters share common questions of law, the Court consolidated both matters into this single Decision and Order to be filed in each case. Upon review of the pleadings and legal authorities presented by the Parties, the Court hereby **GRANTS** the People's Motions to Quash the Subpoenas in both cases.

## BACKGROUND

### CF0693-17: Defendant Miranda

On December 13, 2016, Defendant Miranda was charged in Criminal Case No. CF0963-16 with 1) Possession of a Schedule II Controlled Substance (as a Third Degree Felony), 2) Driving While Intoxicated (as a Misdemeanor), and 3) Operation of a Motor Vehicle Without a Valid Operator's License. Indictment (Dec. 13, 2016). On January 16, 2018, Defendant Miranda obtained a subpoena *duces tecum* through the Clerk of Court and served Lt. Ronald S. Taitano of the Guam Police Department's Internal Affairs Section ("Officer Taitano") with the subpoena later that same day. The subpoena commanded Officer Taitano to appear in court on January 24, 2018, at 10:00 AM and to produce "[a]ny and all sustained internal affairs reports pertaining to the following GPD Personnel: a. POT J.S. Cruz #4038 b. PO# B.T. Babauta." Subpoena *Duces Tecum* (Jan. 17, 2018). A criminal trial setting was scheduled for January 24, 2018, the day the subpoena demanded that production take place.

On January 24, 2018, the day of the scheduled hearing, the People filed an *Ex Parte* Motion to Quash Subpoena and for Protective Order and Order Shortening Time ("Motion to Quash Subpoena *Duces Tecum*"). At the hearing, the Court postponed the matter to January 30, 2018, for further proceedings. During the further proceedings, the Court gave the Defendant time to file an opposition and scheduled a hearing on the People's Motion to Quash Subpoena *Duces Tecum* for February 20, 2018.[1] Defendant Miranda filed his Opposition on February 8, 2018, and the People's

---

[1] On February 13, 2018, Defendant Miranda served another subpoena commanding Officer Taitano to appear and testify at the Motion to Quash Subpoena *Duces Tecum* hearing scheduled for February 20, 2018. The People filed an *Ex Parte* Motion to Quash Subpoena and for Protective Order and Order Shortening Time on February 19, 2018 ("Motion to Quash Subpoena *Ad Testificandum*"). Defendant Miranda's Opposition was filed on February 20, 2018, and the People filed their Reply on February 27, 2018. During the hearing on the People's Motion to Quash Subpoena

CF0693-16 People v. Robert John Miranda
CF0202-17 People v. Salvador Buddy Santos
*Consolidated* DECISION AND ORDER (People's Motions to Quash Subpoenas)

Page **2** of **7**

Reply was filed on February 14, 2018.[2] The hearing on the People's Motion to Quash Subpoena *Duces Tecum* was rescheduled and taken under advisement on March 6, 2018.

**CF0202-17: Defendant Santos**

Similarly, in CF0202-17, Defendant Santos served Officer Taitano with a similar subpoena *duces tecum*. On May 1, 2017, Defendant Santos was charged in Criminal Case No. CF0202-17 with 1) Possession of a Schedule II Controlled Substance (as a Third Degree Felony), 2) Driving While Under the Influence of Alcohol (as a Misdemeanor), 3) Open Container (as a Misdemeanor), and 4) Reckless Driving (as a Petty Misdemeanor). Indictment (May 1, 2017). On January 9, 2018, Defendant Miranda obtained a *subpoena duces tecum* through the Clerk of Court and served the subpoena later that same day on Officer Taitano. The subpoena commanded Officer Taitano to appear in court on January 24, 2018, at 10:00 AM and to produce "[a]ny and all sustained internal affairs reports pertaining to the following GPD Personnel: a. PO1 J.R. Chargualaf #4037 b. PO1 J.V. Quitugua #773." Subpoena *Duces Tecum* (Jan. 9, 2018). A hearing for further proceedings was scheduled for January 24, 2018, the day the subpoena demanded that production take place.

On January 24, 2018, the day of the scheduled hearing, the People filed an *Ex Parte* Motion to Quash Subpoena and for Protective Order and Order Shortening Time ("Motion to Quash Subpoena *Duces Tecum*"). The Court vacated the January 24, 2018, hearing for further proceedings and scheduled a hearing on the People's Motion to Quash Subpoena *Duces Tecum* for February 20, 2018.[3] Defendant Santos filed his Opposition on February 7, 2018. The People did not reply. The

*Duces Tecum*, Officer Taitano did not testify and the Court signed an Order quashing the subpoena for testimony on February 21, 2018. Therefore, the People's Motion to Quash Subpoena *Ad Testificandum* is moot.

[2] Assistant Attorney General Matthew A. Phelps filed a supplemental Reply to Defendant Miranda's Opposition to the People's Motion to Quash Subpoena Duces Tecum, on behalf of the People, on February 15, 2018.

[3] On February 13, 2018, Defendant Santos served another subpoena commanding Officer Taitano to appear and testify at the Motion to Quash Subpoena *Duces Tecum* hearing scheduled for February 20, 2018. The People filed an *Ex Parte* Motion to Quash Subpoena and for Protective Order and Order Shortening Time on February 19, 2018 ("Motion to Quash Subpoena *Ad Testificandum*"). Defendant Santos' Opposition was filed on February 20, 2018. The People did not reply. The Court signed an Order quashing the subpoena for testimony on February 21, 2018 and Officer Taitano did not testify at the rescheduled hearing on the People's Motion to Quash Subpoena *Duces Tecum* on March 6, 2018. Therefore, the People's Motion to Quash Subpoena *Ad Testificandum* is moot.

CF0693-16 People v. Robert John Miranda                                        Page 3 of 7
CF0202-17 People v. Salvador Buddy Santos
*Consolidated* DECISION AND ORDER (People's Motions to Quash Subpoenas)

hearing on the People's Motion to Quash Subpoena *Duces Tecum* was rescheduled and taken under advisement on March 6, 2018.

The People's Motions to Quash the Subpoenas *Duces Tecum* in both CF0693-16 and CF0202-17 are nearly identical and contain common questions of law. Accordingly, in the interest of judicial economy, these instant matters were consolidated.

## DISCUSSION

Sections 70.10 and 70.15 of Title 8 of the Guam Code regulate the discovery process in criminal proceedings. 8 GCA §§ 70.10 and 70.15 (2017). Mandatory disclosures are governed by 8 GCA § 70.10, which require the prosecution, upon noticed motion, to disclose to the defense "any material or information which tends to negate the guilt of the defendant as to the offense charged . . . ." 8 GCA § 70.10(a)(7); People v. Flores, 2009 Guam 22 ¶ 60 ("This section adopts the mandate originally articulated in *Brady v. Maryland*, 373 U.S. 83, 87 (1963) . . .").[4] The prosecution's obligations under 8 GCA § 70.10 extend to any material information, thus imposing a materiality requirement prior to disclosure. 8 GCA § 70.10(b); People v. Tuncap, 1998 Guam 13 ¶ 18 ("8 GCA § 70.10(b) imposes a general materiality requirement upon items before disclosure. Although this standard is not difficult to meet, this general limitation must be considered prior to disclosure."). Apart from mandatory disclosures, 8 GCA § 70.15 governs other matters generally discoverable upon a showing of good cause. Title 8 GCA Section 70.15 provides, "upon noticed motion by the defendant and a showing of materiality to the preparation of his defense and that the request is reasonable, the court in its discretion may order the prosecuting attorney to disclose to the defendant's attorney any relevant material and information not covered by § 70.10." 8 GCA § 70.15(a). Therefore, for evidence to be discoverable under both sections 70.10 and 70.15, a threshold showing of materiality must be met. 8 GCA §§ 70.10(b), 70.15(a); People v. Mateo, 2017 Guam 22 ¶ 15.

---

[4] The United States Supreme Court in Brady held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ." Brady, 373 U.S. at 87.

CF0693-16 People v. Robert John Miranda                                    Page 4 of 7
CF0202-17 People v. Salvador Buddy Santos
*Consolidated* DECISION AND ORDER (People's Motions to Quash Subpoenas)

In People v. Mateo, the Supreme Court of Guam addressed the issue of materiality and the defendant's burden of production under Guam's criminal discovery statutes. The Supreme Court, finding that the trial court properly denied Mateo's motion for an *in camera* review of the arresting officers' personnel files, held that the prosecution was not obligated to turn over those requested documents because the defendant had failed to establish that they were material to his defense. Id. at ¶¶ 15, 17 (rejecting United States v. Henthorn, 931 F.2d 23 (9th Cir. 1991), which held that upon a request by the defendant, the prosecution or the court must review the personnel files of testifying officers *in camera* for *Brady* material regardless of any showing of materiality). Thus, for evidence to be discoverable, the defense must first satisfy its burden of production by making the requisite showing of materiality of the evidence sought. Id. Evidence is material "only if there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. ¶ 19; People v. Fisher, 2001 Guam 2 ¶ 13 (quoting United States v. Presser, 844 F.2d 1275, 128 (6th Cir. 1988)).

In this case, both Defendant Miranda and Defendant Santos obtained subpoenas demanding the production of the internal affairs ("IA reports") reports of their respective arresting officers. The People moved to quash the subpoenas, arguing that the Defendants did not make the necessary showing of materiality. On the other hand, the Defendants argue that IA reports of police officers generally contain impeachment evidence and therefore, the People's failure to disclose such evidence, material or not, would result in *Brady* violations. In addition, the Defendants argue that absent some kind of review by the People, the Court, or the defense, there can be no determination of materiality. However, as the Supreme Court has noted in Mateo, mere speculation that a government file may contain *Brady* material is insufficient to require the prosecution to automatically disclose or review requested documents. Mateo, 2017 Guam 22 at ¶ 17; see also United States v. Little, 753 F.2d 1420, 1445 (9th Cir. 1984) ("materiality is not established by a general description of the documents sought or by a conclusory argument that the requested information [is] material to the defense."). Both Defendants assert that the IA reports are necessary

CF0693-16 People v. Robert John Miranda
CF0202-17 People v. Salvador Buddy Santos
*Consolidated* DECISION AND ORDER (People's Motions to Quash Subpoenas)

Page 5 of 7

for impeachment purposes, yet neither Defendant gives any explanation on how those reports would achieve such purpose. Again, to warrant mandatory review or disclosure under Guam's criminal discovery procedures, the defense must first satisfy its burden of establishing that the records sought are material to its defense. Id.; see also 8 GCA §§ 70.10(b), 70.15(a).

Here, the Court finds that both Defendants have failed to satisfy the threshold showing of materiality. In both subpoenas *duces tecum*, neither Defendant offers any facts demonstrating how the information contained in the IA reports, nor the IA reports themselves, is material to the preparation of their defenses. In addition, both Defendants failed to file discovery motions pursuant to 8 GCA §§ 70.10 and 70.15 establishing materiality before obtaining their subpoenas from the Clerk of Court. The Court agrees with the People that the purpose of Guam's criminal discovery procedures is to prevent impermissible fishing expeditions in the discovery process. See People v. Kitano, 2011 Guam 11 ¶ 21 ("*Brady's* overriding concern [is] with the justice of the finding of guilt, not with the accused's ability to prepare for trial."). Allowing due process to be satisfied through mere speculation of discoverable evidence would turn the principles of *Brady* into a discovery device and place an undue burden on the trial courts. See Mateo, 2017 Guam 22 at ¶ 17 (quoting United States v. Navarro, 737 F.2d 625, 631 (7th Cir. 1984)). Thus, because the Defendants only provide the Court with conclusory arguments to support their need to obtain the IA reports, the Court finds that both Defendant Miranda and Defendant Santos have failed to establish the requisite showing of materiality.

Lastly, the Defendants argue that because IA reports were not addressed in Mateo, the materiality requirement does not apply. In Mateo, the Supreme Court ruled on officer personnel files and not IA reports because the defense did not bring up the issue of IA reports in the trial court. In other words, Mateo did not have an adequate record on appeal. Nonetheless, the same logic applies pursuant to 8 GCA §§ 70.10 and 70.15. For evidence to be discoverable, they must be material. Mateo, 2017 Guam 22 at ¶ 15; see also 8 GCA §§ 70.10 and 70.15. Thus, absent materiality, the Court **GRANTS** the People's Motions to Quash Subpoenas *Duces Tecum* in CF0693-16 and CF0202-17.

CF0693-16 People v. Robert John Miranda                                                                 Page 6 of 7
CF0202-17 People v. Salvador Buddy Santos
*Consolidated* DECISION AND ORDER (People's Motions to Quash Subpoenas)

## CONCLUSION

By a preponderance of the evidence and for the foregoing reasons, the Court **GRANTS** the People's Motions to Quash Subpoenas *Duces Tecum* in both CF0693-16 and CF0202-17.

A Criminal Trial Setting for CF0693-16 is set for ___**MAY 1 4 2018**___ at 10:00a.m.

A Criminal Trial Setting for CF0202-17 is set for ___**MAY 1 4 2018**___ at 10:00 a.m.

**SO ORDERED** this day of ___MAY 0 7 2018___.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

___AG . PDSL___

Date: 5/8/08  Time: 10:40am

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

CF0693-16 People v. Robert John Miranda                                    Page 7 of 7
CF0202-17 People v. Salvador Buddy Santos
*Consolidated* DECISION AND ORDER (People's Motions to Quash Subpoenas)